# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LAKE COUNTY CONVENTION AND VISITORS BUREAU, INC. and MARSHALL COUNTY, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HOTELS.COM, LP; HOTELS.COM GP, LLC; HOTWIRE, INC.; CHEAP TICKETS, INC.; CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM; LOWESTFARE.COM, INCORPORATED; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ LLC; PRICELINE.COM INCORPORATED, SITE 59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, L.P.; TRAVELWEB LLC; TRAVELNOW.COM, INC.; ONETRAVEL, INC. (d/b/a ONETRAVEL.COM); and DOES 1-100, )<br><br>Defendants. ) | NO. 2:06cv207 |

**OPINION AND ORDER**

Plaintiff has filed a Class Action Complaint invoking this Court's diversity jurisdiction, but the Court has questions over whether or not this is proper. The Plaintiffs assert two bases for the Court's diversity jurisdiction. First, they assert that the Court has regular diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Second, the Plaintiffs assert that the Court has jurisdiction over this matter pursuant to the Class Action Fairness Act which was codified at 28 U.S.C. § 1332(d). The Court questions whether jurisdiction is proper under either of these bases.

A.     **Regular Diversity Jurisdiction**

The Plaintiffs first assert that this Court has subject matter jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00. However, the Complaint does not contain sufficient information for the Court to determine whether the parties are, in fact, completely diverse.

Five of the defendants in this action, Hotels.com GP, LLC, Maupintour Holdings, LLC, Orbitz, LLC, Site59.com, LLC, and Travelweb LLC, are all limited liability companies. A limited liability company is not treated like a corporation under 28 U.S.C. § 1332(c), but like a partnership so that all members of the LLC must be identified and their citizenship must be determined. *See Belleville Catering Co. v. Champaign Market Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003) (for purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Moreover, one of the defendants in this action, Travelocity.com, L.P., is a limited partnership. Limited partnerships are treated as citizens of every state of which any partner or member is a citizen. *Hart v. Terminex Int'l.*, 336 F.3d 541, 542 (7th Cir. 2003) (quoting *Market Street Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 589 (7th Cir. 1991), which held "for purposes of deciding whether a suit by or against a limited partnership satisfies the requirement of complete diversity of citizenship ... the citizenship of all the limited partners, as well as of the general partner, counts"); *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any partner or member

is a citizen.").

Thus, in order to ascertain whether the parties are actually diverse in this matter, the citizenship of all of the members of the limited liability companies as well as the citizenship of all of the limited partners, as well as the general partners of the limited partnership must be identified.

**B.     Class Action Fairness Act**

The Plaintiffs also assert that this Court has jurisdiction pursuant to the Class Action Fairness Act. The relevant portions of this statute provide:

> (2) The district courts shall have original jurisdiction of any civial actions in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d).

It appears that 28 U.S.C. § 1332(d)(2)(A) may be applicable to this case. Pursuant to this section, the Court has original subject matter jurisdiction if one representative plaintiff is diverse from one named defendant and the *aggregate* claims in the class action exceed $5 million. *Pfizer, Inc. v. Lott*, 417 F.3d 725, 726 (7th Cir. 2005). Here, class representative Lake County (an Indiana citizen) is completely diverse from a number of named defendants including, but not limited to, Hotwire, Inc. (a citizen of Delaware and California) and Cheap Tickets, Inc. (a citizen

of Delaware and Hawaii).

However, what is not clear is the aggregate value of the class claims. Indeed, the Plaintiff has placed no aggregate value on the class claims. The Plaintiffs have merely asserted that they, themselves, have suffered damage in excess of $75,0000.00 and purport to bring claims on behalf of all Indiana counties, Convention and Visitors Bureaus, and any local governments that have enacted or benefitted from Indiana Innkeeper Taxes on lodging. The Plaintiffs have provided us with no estimate as to the size of this class or any other information from which we could determine the estimated value of the aggregate class claims. $5 million is a high threshold to meet, even when aggregating class claims, and the Plaintiffs have not provided the Court with any information to assist in its jurisdictional analysis. As such, the Court is unable to determine whether the Class Action Fairness Act provides us with jurisdiction.

## CONCLUSION

Accordingly, Plaintiffs are hereby **ORDERED** to clarify for the Court the citizenship of the limited and general partners of the limited partnership defendant as well as the citizenship of the members of all limited company defendants on or before **August 15, 2006**. In the alternative, the Plaintiffs are **ORDERED** to clarify for the Court the aggregate value of the class claims on or before **August 14, 2006**.

**SO ORDERED.**

ENTERED: June 27, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
