UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LAKE COUNTY CONVENTION AND VISITORS BUREAU, INC.; MARSHALL COUNTY<br><br>And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>Sabre Holdings Corporation; Travelocity.com, Inc.; Travelocity.com, L.P.; IAC/InterActiveCorp; Hotels.com, L.P.; Expedia, Inc.; Hotwire, Inc.; priceline.com Incorporated; Cendant Corporation; Travelport, Inc.; Cendant Travel, Inc; Cheap Tickets, Inc.; Orbitz, Inc.; And Does 1 Through 100, Inclusive,<br><br>Defendants. | CIVIL ACTION No. 2:06-cv-207<br>Judge Philip P. Simon |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)**

Defendants Travelocity.com LP, Hotels.com, L.P., Expedia, Inc., Hotwire, Inc., priceline.com Incorporated, Travelport Inc. (f/k/a Cendant Travel Distribution Services, Inc.), and Trip Network, Inc. (d/b/a CheapTickets.com) (collectively, "Defendants") move to dismiss Plaintiffs Lake County Convention and Visitors Bureau, Inc. (the "Convention Bureau") and Marshall County's Amended Complaint (the "Complaint") in its entirety, pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Convention Bureau should also be dismissed pursuant to Rule 12(b)(1) because it lacks standing to bring the claims in the Complaint.

Although the Indiana Code (the "Code") authorizes Lake County and Marshall County to impose an Innkeeper's Tax, the Code explicitly requires that Plaintiffs engage in a *five-step* administrative process prior to bringing an action for the collection of any Innkeeper's Tax imposed. Plaintiffs have failed to engage in *any* of the mandated steps. The exhaustion of administrative remedies was a condition precedent to Plaintiffs' ability to file the instant lawsuit and an exclusive remedy under the Code. This suit, filed by out-of-state contingency fee lawyers, is the first notice to Defendants that Plaintiffs believe Defendants should collect Innkeeper's Tax on their compensation for facilitating the making of hotel room reservations. In short, this suit seeks to collect tax liabilities that have never been investigated, audited or assessed as required by the Code. Accordingly, this Court should dismiss the entire Complaint because Plaintiffs failed to exhaust the exclusive remedies provided for in the Code or in the alternative, because the doctrine of primary jurisdiction requires that Indiana administrative bodies hear and adjudicate Plaintiffs' claims. In addition, Plaintiffs' common law claims must be dismissed because they are neither authorized by the Code, nor, in the instance of conversion, constructive trust, and breaches of fiduciary and agency duties, are not properly pled. Moreover, the instant action – marshaled out to out-of-state contingency fee lawyers – violates public policy.

Finally, the Convention Bureau does not have standing to bring this action because it has no authority to collect tax from taxpayers under the Code. For this additional reason, the Convention Bureau should therefore be dismissed from the case.

**FACTUAL BACKGROUND AND OVERVIEW OF INNKEEPER'S ORDINANCE**

Plaintiffs originally brought this action against Defendants on June 12, 2006.[1] The Complaint alleges that Defendants are online sellers and/or resellers of hotel rooms to the general public. (Amended Complaint ("Compl.") ¶ 22). The Complaint also alleges that pursuant to Indiana Code §§ 6-9-18-1, *et. seq.*, Defendants are required to collect and remit Innkeeper's Taxes based on amounts Defendants receive for their online services. (Compl. ¶¶ 28-32). The Complaint pleads a violation of Indiana's Innkeeper's Tax, IND. CODE §§ 6-9-18-1 *et seq.* (the "Innkeeper's Tax") as well as five dependent common law claims for conversion, unjust enrichment, imposition of a constructive trust, declaratory judgment and injunctive relief, and breaches of fiduciary and agency duties. (Compl. ¶¶ 51-70). Each of the common law claims are based upon Plaintiffs' primary claim that Defendants owe, but do not remit, Innkeeper's Taxes. (*Id.*)

Defendants are various online travel companies that collect and publish travel-related information on the Internet and facilitate the making of hotel room reservations by consumers. Defendants do not "rent," "sell" or "resell" hotel rooms, but rather only facilitate the making of hotel room reservations by consumers. Before Defendants made their services available on the Internet, a consumer wishing to book a hotel room in a particular area had to use a map and/or

[1] On June 27, 2006, the Court *sua sponte* questioned its jurisdiction over this matter. (Doc. No. 10.) The Court ordered Plaintiffs to clarify the citizenship of the limited and general partners of the limited partnership defendants as well as the citizenship of the members of all limited company defendants on or before August 15, 2006. (*Id.* at 4.) In the alternative, the Court ordered Plaintiffs to clarify the aggregate value of the class claims for Class Action Fairness Act ("CAFA") jurisdiction on or before August 14, 2006. (*Id.*) Rather than directly responding to the Court's Order, Plaintiffs filed the Amended Complaint on August 17, 2006 and replaced nearly all of the limited partnership and limited liability company defendants with current or former parent corporations which do not (and did not) operate the online travel companies whose business practices are at issue in this litigation. (*Compare* Doc. No. 14 with Doc. No. 1-1.) Defendants waived service of process. Upon consultation with Defendants, Plaintiffs correctly dismissed the improperly named non-operating entities. (Doc. No. 23.)

phone book to determine which hotels were located in a certain area, contact the hotels, compare rates and availability and make a room reservation.

Pursuant to the authority vested in them under §§ 6-9-2-1 *et seq.* and 6-9-18-1 *et seq.*, Lake County and Marshall County impose a tax on persons engaged in the business of renting or furnishing rooms, lodgings or accommodations in a hotel or motel in their respective jurisdictions. *See* LAKE COUNTY, IND., ORDINANCE No. 983B; MARSHALL COUNTY, IND., ORDINANCE No. 1991-11 (Jul. 22, 1991) (the "Innkeeper's Tax). The Innkeeper's Tax is based on the gross retail income received by the person who rents or furnishes the room and is to be paid by the person who occupies the room. *See* IND. CODE §§ 6-9-2-1(b), 6-9-18-3(c), 6-2.5-1-5(a), 6-2.5-2-1(b), 6-2.5-4-4(a). It is the duty of the person who rents or furnishes the accommodations to collect and remit the Innkeeper's Tax to the appropriate taxing body. *See* IND. CODE § 6-2.5-2-1(b), 6-2.5-4-4(a).

When a consumer uses Defendants' online services to make a reservation, he or she is charged an amount to cover the room rate that will be paid to the hotel, as well as the estimated tax due on that amount. Not surprisingly, the consumer also is charged an amount that Defendants retain for providing their online services. Just as when the consumer makes a hotel room reservation on his or her own, when the consumer makes a room reservation through one of Defendants, the hotel collects and remits to Indiana counties the full Innkeeper's Tax imposed on the amount charged by the hotel for their rooms, lodgings or accommodations.

Plaintiffs' Complaint seeks a novel expansion of the tax law that would improperly impose the Innkeeper's Tax, for the first time, on Defendants and their online services – services that have never been subject to the Innkeeper's Tax. Plaintiffs would like to impose the Innkeeper's Tax on the amount Defendants charge the consumer and retain for their online services, and further impose an obligation on Defendants to collect this added tax and remit the

tax to Plaintiffs. Plaintiffs' construction is contrary to the plain and narrow language of the Innkeeper's Tax Ordinances and the Indiana enabling statutes under which the Ordinances were enacted. All of Plaintiffs' purported claims therefore fail as matter of law. However, the Court need not review the insufficiency of Plaintiffs' substantive claims because the Complaint is not properly before this Court for adjudication.

Under Indiana law, the power to levy and collect taxes is vested exclusively in the General Assembly. IND. CONST. Art. 10, §§ 1 and 8. While counties are granted the powers needed for effective operation of government as to local affairs, the power to impose a tax is expressly withheld from the counties, except as expressly granted by statute. IND. CODE §§ 36-1-3-2 and 36-1-3-8(4). The Indiana General Assembly has conferred upon counties the right to impose an innkeeper's tax. *See* IND. CODE §§ 6-9-2-1(a) and 6-9-18-3.

Sections 6-9-2-1 *et seq.* and 6-9-18-1 *et seq.* of the Indiana Code respectively, authorize Lake County and Marshall County and to impose an Innkeeper's Tax. (the "Enabling Statutes").[2] Pursuant to this authority, Lake County and Marshall County have adopted local ordinances imposing the Innkeeper's Tax. LAKE COUNTY, IND., ORDINANCE NO. 983B; MARSHALL COUNTY, IND., ORDINANCE No. 1991-11 (Jul. 22, 1991). The Enabling Statutes provide that the provisions of the Indiana Gross Retail and Use Taxes (IND. CODE § 6-2.5) "relating to rights, duties, liabilities, procedures, penalties, definitions, exemptions, and administration" are applicable to the imposition and administration of the Innkeeper's Taxes imposed by the counties, except to the extent those provisions are in conflict with the requirements of the county treasurer. *See* IND. CODE §§ 6-9-2-1(d) and 6-9-18-3(e). Neither county's treasurer has adopted

[2] Marshall County is authorized to impose an Innkeeper's Tax under section 6-9-18-1 *et seq.*, which applies to all counties that are not required to impose an Innkeeper's Tax under another chapter of Article 6-9. *See* IND. CODE § 6-9-18-1.

any requirements that are in conflict with the referenced provisions of IND. CODE § 6-2.5, and such provisions are therefore controlling. Under § 6-2.5, the person who obtains the room or accommodations pays the Innkeeper's Tax, but the duty to collect and remit the tax is imposed on the person who rents or furnishes the room or accommodations. IND. CODE §§ 6-2.5-2-1(b) and 6-2.5-4-4(a).

All county Innkeeper's Taxes are to be imposed, collected, and administered pursuant to the provisions of Indiana Code § 6-8.1-1-1 *et seq.* ("Article 6-8.1"), except to the extent such provisions are in conflict with the administration and collection provisions of Section 6-9. *See* IND. CODE §§ 6-8.1-1-6; 6-8.1-1-1. Sections 6-9-2-1(c) and 6-9-18-3(d) provide that the counties may adopt an ordinance requiring that innkeeper's taxes be remitted to the county treasurer rather than the Indiana Department of Revenue (the "Department"). If such an ordinance is adopted, the county treasurer is to have the same rights and powers with respect to collection of the tax as the Department. IND. CODE § 6-9-29-3. Both Lake County and Marshall County have adopted ordinances providing that the county treasurer (the "Treasurer") is to collect the Innkeeper's Tax instead of the Department. LAKE COUNTY, IND., ORDINANCE NO. 1077A (Jul. 10, 1990); MARSHALL COUNTY, IND., ORDINANCE NO. 1991-11 (Jul. 22, 1991). Given that Lake County and Marshall County have adopted ordinances providing that payment of the Innkeeper's Tax is to be made to the Treasurer rather than the Department of Revenue, it is the Treasurer who must follow the administrative remedies provided. IND. CODE § 6-9-29-3.[3] No provisions of the Enabling Statutes or the ordinances conflict with Article 6-8.1; thus the provisions of the Article govern the imposition, collection and administration of the Innkeeper's Taxes. Plaintiffs may not impose or administer the Innkeeper's Tax in any manner other than the manner set forth

[3] Accordingly, for purposes of this motion, the Treasurer will be referenced as the authority charged with the collection of the Innkeeper's Tax in question.

under Article 6-8.1 because the statute granting counties the power to impose the tax also sets the manner in which that power is to be exercised. *See* IND. CODE § 36-1-3-6(a) ("If there is a constitutional or statutory provision requiring a specific manner for exercising a power, a unit [*i.e.*, county, municipality or township] wanting to exercise the power must do so in that manner."). Plaintiffs have ignored the administrative provisions that they are expressly required to follow. Instead, they improperly filed this lawsuit.

## ARGUMENT

### I. THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

#### A. Legal Standard For Rule 12(b)(6) Motion to Dismiss.

Rule 12(b)(6) mandates dismissal of a complaint when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a 12(b)(6) motion, the court must accept as true all well pled factual allegations in the complaint. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001); *Silcox v. Prudential Ins. Co. of Am.*, No. 4:05-CV-59-AS, 2006 U.S. Dist. LEXIS 71863, at *3 (N. D. Ind. Sept. 29, 2006). "However, a plaintiff may not avoid dismissal simply by attaching bare legal conclusions to narrated facts that fail to support her claims." *Shellman v. Capital One Bank*, No. 1:05-CV-368-TS, 2006 U.S. Dist. LEXIS 71877, at *3 (N.D. Ind. Sept. 29, 2006) (citing *Strauss v. City of Chi.*, 760 F.2d 765, 767-68 (7th Cir. 1984); *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984)). Further, "a complaint must contain facts sufficient to state a claim as a matter of law," and the court is "not obliged to accept as true … unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002). Even accepting all the allegations in the Complaint as true (as Defendants must for purposes of this motion), the Complaint fails in its entirety to state a claim as a matter of law and should be dismissed because Plaintiffs failed to exhaust mandatory administrative

procedures. *See Mauser v. Brownsburg Cmty. Sch. Corp.*, 28 F.Supp.2d 1107, 1112 (S.D. Ind. 1998) (dismissing claim on 12(b)(6) grounds for failure to exhaust).

**B. The Indiana Code Provides an Exclusive Administrative Remedy Which Must Be Exhausted First, Requiring Dismissal Pursuant to Rule 12 (b)(6).**

In conferring Plaintiffs the right to levy and collect certain taxes, including the Innkeepers' Tax, the Indiana General Assembly also provided for the administration of such taxes under Article 6-8.1. The rights conferred by § 6-8.1-5-1 of the Code provide exclusive remedies for Plaintiffs who believe themselves to be aggrieved under the Innkeeper's Tax provisions. These exclusive remedies mandate that Plaintiffs follow five explicit steps *prior to* seeking judicial review. Specifically, Plaintiffs should have: (1) determined if Defendants were subject to the Innkeeper's Tax; (2) made a proposed assessment of taxes due; (3) provided written notice of the assessment; (4) provided Defendants an opportunity to protest; and (5) issue notice of demand. Plaintiffs' disregard of these exclusive administrative remedies before filing a lawsuit mandates dismissal by this Court for failure to state a claim upon which relief may be granted.

**1. Plaintiffs' Ability to Enforce the Tax Provision at Issue is Exclusively Limited to Those Remedies Provided by the Indiana Code.**

Under Indiana law, counties must exercise any power granted in the specific manner set forth by the legislature. IND. CODE § 36-1-3-8. This is in keeping with the well-established rule that where the legislature creates a right and prescribes a remedy for its enforcement, the statutory remedy provided is exclusive, and the court "should not expand the coverage of the statute to subsume other remedies." *Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind. Ct. App. 1991) (stating "[w]hen a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.") (citations omitted); *City of Richmond v. Ind. Mich. Elec. Co.*, 353 N.E.2d 467, 469 (Ind. Ct. App. 1976) (dismissing appeal of administrative ruling where petitioner failed

to follow statute's exclusive remedy requiring appeals to full Public Service Commission before seeking judicial review).

In this case, the legislature, under Article 6-8.1, has set forth a specific manner in which counties are to exercise their power to impose an innkeeper's tax. *See* IND. CODE §§ 6-8.1-1-6 ("The provisions of this article [6-8.1] apply for the purposes of imposing, collecting and administering the listed taxes."); 6-8.1-1-1 (providing that "listed taxes" includes "the various innkeeper's taxes (IC 6-9)"). Consequently, this specific manner must be followed, and Lake County and Marshall County are bound by the administration provisions of Article 6-8.1. In providing for both the collection and the administration of Innkeeper's Taxes, the Indiana General Assembly has explicitly provided a remedy for the enforcement of counties' rights to impose and collect the Innkeeper's Tax, Plaintiffs have no authority to side-step the statutory remedies in an effort to collect the Innkeeper's Tax.[4] Instead, Plaintiffs must avail themselves of the remedies provided for by the legislature in the Code. Moreover, where a plaintiff "can state no claim for relief under Indiana law from any entity other than the [administrative agency]" the Court "will be bound so to hold." *Liberty Mut. Ins. Co. v. K.A.T., Inc.*, 855 F. Supp. 980, 985 (N.D. Ind. 1994) (stating such a determination would be made on the strength of plaintiff's state law claim) (citations omitted).

Here, Plaintiffs failed to abide by the remedies provided for by the Indiana General Assembly. Plaintiffs simply took it upon themselves to file this lawsuit, claiming that Defendants owe unspecified amounts in Innkeeper's Taxes. The Complaint contains no references to any attempts by Plaintiffs to pursue their administrative remedies prior to bringing

[4] Section II.B of this motion argues the Convention Bureau does not have standing to bring the claims in the Amended Complaint. For convenience, the term "Plaintiffs" is used, but does not constitute an admission on the part of the Defendants that the Convention Bureau has standing to bring this lawsuit.

this lawsuit. Plaintiffs' powers to impose this tax are limited to the powers granted to them by statute. Under the statutes authorizing imposition and collection of the Innkeeper's Tax, Plaintiffs are not granted the power to file suit for collection of a tax that has not been investigated, audited or assessed; nor are Plaintiffs authorized to file suit to collect a tax when the taxpayer has not received notice of an assessment and a demand for payment with respect to the tax. In short, Plaintiffs are not authorized to file this suit under Indiana law, and thus they state no claim upon which relief may be granted.

**2. The Administrative Procedures at Issue are Mandatory.**

Section 6-8.1-5-1 of the Code provides that "[i]f the department reasonably believes that a person has not reported the proper amount of tax due, the department *shall*…" follow certain administrative procedures in enforcing its rights. (emphasis added). The Section goes on to outline the specific administrative procedures also using mandatory "shall" language. Where a statute uses the term "shall," there is a presumption that the language is mandatory. *State of Ind., et al. v. Indianapolis Newspapers, Inc., et al.,* 716 N.E.2d 943, 947 (Ind. 1999) (construing "shall" as presumptively mandatory). In contrast, the use of the term "may" in a statute ordinarily indicates a permissive condition and discretion. *Haltom v. Bruner and Meis, Inc.,* 680 N.E.2d 6, 9 (Ind. Ct. App. 1997). Thus, the mandatory "shall" language in Indiana's Code demands compliance, rather than giving Plaintiffs discretion to ignore its provisions.

Despite the fact that Plaintiffs had a clear duty and obligation to pursue remedies through the administrative procedures explicitly required by the Code, Plaintiffs decided to disregard these remedies in favor of costly and burdensome judicial action. Allowing Plaintiffs the opportunity to have the Court hear this case, despite having ignored mandatory statutory provisions to the contrary would invite any plaintiff who felt aggrieved under any statute to seek

judicial remedies despite explicit requirements that they first pursue established administrative remedies.

**3. The Indiana Code Requires Plaintiffs to Undergo a Five-Step Administrative Process Before Bringing Suit.**

The Indiana General Assembly has clearly delineated certain administrative remedies that must be exhausted before suit can be filed. These five steps are described below. The Complaint and resulting lawsuit, filed before any administrative remedies were initiated, much less exhausted, are contrary to this requirement.

**(a) Step 1: Determine if Persons are Subject to the Innkeeper's Tax**

First, before Plaintiffs can take any action to enforce their rights to collect taxes under the Code, the Treasurers must determine that Defendants are subject to the tax. Specifically, the Code provides: "[i]f the department reasonably believes that a person has not reported the proper amount of tax due . . . " they must follow the administrative remedies outlined herein. IND. CODE § 6-8.1-5-1(a). Thus, any effort at tax collection must begin with a reasonable determination of whether a tax is due. Plaintiffs were required to have their respective Treasurers, as administrators of the Innkeeper Tax, reasonably determine whether Defendants reported the proper amount of tax due. Plaintiffs simply did not do so. Instead, Plaintiffs have arbitrarily brought this action through their contingency fee lawyers.

**(b) Step 2: Make a Proposed Assessment of Taxes Due**

Second, section 6-8.1-5-1(a) provides that if the Department "reasonably believes that a person has not reported the proper amount of tax due, the Department *shall make* a proposed assessment of the amount of the unpaid tax on the basis of the best information available to the Department." IND. CODE § 6-8.1-5-1(a) (emphasis added). This provision mandates a calculation and assessment by the County Treasurers of their reasonable belief as to the tax that

is due and owing. *See* IND. CODE § 6-9-29-3. Again, Plaintiffs failed to initiate any process of making a proposed assessment. Indeed, Defendants had no indication from Plaintiffs, prior to the filing of the Complaint, that would indicate the County Treasurers had engaged in any review or deliberation that would be necessary to determine a "proposed assessment." Therefore, under the Code, the Defendants are entitled to know the amount at issue. In fact, outside of the statutorily required amount in controversy, Plaintiffs allege no facts as to the amount of taxes Defendants supposedly owe, impliedly admitting that no assessment has been performed to date. (Compl. ¶ 24).

**(c) Step 3: Provide Written Notice of the Assessment.**

Third, the Treasurers are required to send the taxpayer notice of the proposed assessment. *Id.* Specifically, the statute requires that "[t]he department *shall* send the person a notice of the proposed assessment through the United States mail." IND. CODE § 6-8.1-5-1(a) (emphasis added). Plaintiffs' failure to provide the required notice – much less any notice – deprived the Defendants of their opportunity to respond to the proposed assessment and potentially avoid any formal dispute resolution process – a right Defendants were entitled to under the Code.

**(d) Step 4: Provide Taxpayer Opportunity to Protest and Request Administrative Hearing.**

Fourth, the Code requires that the taxpayer be given forty-five days notice to file a written protest and request an administrative hearing. *Id.* Specifically, "[t]he notice *shall* state that the person has sixty (60) days from the date the notice is mailed to pay the assessment or to file a written protest. If the person files a protest and requires a hearing on the protest, the department *shall*: … set the hearing … " IND. CODE § 6-8.1-5-1(c) (emphasis added). Here, the Indiana General Assembly intended to protect the rights of the taxpayer by providing for notice, formal response and an administrative hearing. Plaintiffs summarily deprived Defendants of

their rights to protest and indeed their right to pay an assessment, to the extent they determined such action proper.

**(e) Step 5: Department to Issue Letter of Findings and Make Subsequent Demand for Payment.**

Finally, the Code mandates that the County Treasurer issue a letter of findings and make a subsequent demand for payment. Specifically, the Code requires that "[n]o later than sixty (60) days after conducting a hearing on a protest, or after making a decision on a protest when no hearing is requested, the Department *shall* issue a letter of findings and shall send a copy of the letter… to the person who filed the protest." IND. CODE § 6-8.1-5-1(e) (emphasis added). In addition, the Code also requires that "the department shall demand as provided in IC 6-8.1-8-2(a), of any part of the proposed tax assessment, interest, and penalties that it finds owing … " IND. CODE § 6-8.1-5-1(i). Here, there was no notice, no proposed assessment, no letter of findings and no demand for payment – rights Defendants were entitled to under the Code.

**4. Plaintiffs' Failure to Exhaust Their Administrative Remedies Requires Dismissal for Failure to State a Claim.**

Plaintiffs neither initiated nor completed any of the required steps outlined above before unleashing its contingent fee lawyers on Defendants in this Court. This Court should not reward Plaintiffs' transparent attempt to sidestep mandated statutory remedies by allowing this lawsuit to proceed. Plaintiffs' tactics are directly contrary to the express intent of the Indiana General Assembly and the Code promulgated by it. Because the Code provides for a mandatory administrative remedy that must be, but was not, exhausted, Plaintiffs' claims must be dismissed.

Just as the judiciary is prohibited from encroaching on the functions of the executive branch, *see State ex rel. Indiana State Bd. of Fin. v. Marion County Superior Court, Civil Div.*, 272 Ind. 47, 52 (Ind. 1979) (court oversteps its bounds when it enjoins State and orders release of funds that legislature did not authorize); *Pub. Serv. Comm'n. v. Indianapolis*, 235 Ind. 70, 81-

82 (Ind. 1956) (noting that court may not "substitute [its] judgment for, or control the discretionary action of the executive or legislative branches, so long as their action is within the sphere and jurisdiction fixed by the statutes and constitution"), so the executive branch is prohibited from burdening courts with administrative functions. *In re Mishawaka*, 259 Ind. 530, 532-33, 289 N.E.2d 510, 511-12 (Ind. 1972) (affirming that requiring court to "make determinations which [are] of a non-judicial nature" violates separation of powers doctrine); *Woolley v. Wash. Twp. of Marion County Small Claims Court*, 804 N.E.2d 761, 765-66 (Ind. Ct. App. 2004) ("The judiciary is one of the three co-equal branches of government and its independence is essential to an effective running of the government ... the Executive and Legislative branches of Government may not intermeddle with the internal functions of the Judiciary."). The duty to assess and collect taxes is an executive branch function that, in the case of the Innkeeper's Taxes at issue in this lawsuit, was delegated to the Department and the Treasurers imposing and collecting the tax. Plaintiffs cannot simply abandon their responsibilities and shift the burden of administering their tax functions onto this Court.

Indeed, a Pennsylvania court recently dismissed a similar suit against the majority of these same Defendants because the City of Philadelphia failed to exhaust its administrative procedures before filing suit. *City of Philadelphia v. Hotels.com, et al.,* No. 860, 2006 Phila. Ct. Com. Pl. LEXIS 218 (Court of Common Pleas, Pa. May 25, 2006) (Attached hereto as Exhibit A). In dismissing the suit, the court declined to shoulder Philadelphia's duties to levy and collect taxes:

> This court is troubled by the fact that it does not appear that the City has ever performed an audit, provided notice or attempted to collect the Tax from Defendants, other than by filing the instant lawsuit. *It is the function of the court system to resolve legal disputes, its role is not to levy or collect taxes.*

* * *

> Since it is well-settled that the taxpayer is required to exhaust its administrative remedies before coming to court, logic dictates that the inverse should be true as well. This court is not in the business of original tax collections, nor should it be …. Thus, the City already possesses a remedy for the redress of the wrong it claims was perpetuated by Defendants, the Tax itself, it is not necessary – or proper – for the court to perform this function on its behalf.

*City of Philadelphia,* 2006 Phila. Ct. Com. Pl. LEXIS 218, at *5, *8. (emphasis added).

Just as the plaintiff in the *City of Philadelphia* case ignored the administrative remedies they were required to follow, Plaintiffs have similarly placed the burden of performing executive branch functions on this Court. Indeed, the Code specifically contemplates that the Treasurers oversee grievances related to the Innkeeper's Tax in the first instance. IND. CODE. Art. 6-8.1. Accordingly, the Court should dismiss Plaintiffs' claims in their entirety.

**C. In the Alternative, the Court Should Decline to Exercise Its Jurisdiction Pursuant to the "Primary Jurisdiction Doctrine."**

Even if the Court concludes that Plaintiffs have properly pled their claims, the Court should nonetheless decline to exercise jurisdiction in favor of Indiana's agencies under the primary jurisdiction doctrine. Importantly,

> [t]he doctrine comes into play when a claim is cognizable in a court but adjudication of the claim requires the resolution of issues which, under a regulatory scheme have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Liberty Mut. Ins. Co. v. K.A.T., Inc.*, 855 F. Supp. 980, 987-88 (N.D. Ind. 1994) (quoting *Hansen v. Norfolk & Western Ry. Co.*, 689 F.2d 707, 710 (7th Cir. 1982)) (quotations omitted); *Fratus v. Marion Cmty. Sch. Bd. of Trs.*, 749 N.E.2d 40, 47 (Ind. 2001). While in some instances referral to an administrative agency is mandatory, the doctrine of primary jurisdiction is also permissive in nature, allowing courts to exercise their discretion in referring matters to administrative agencies with expertise. *In re StarNet, Inc.*, 355 F.3d 634, 639 (7th Cir. 2004) (referring case to Federal Communications Commission pursuant to primary jurisdiction doctrine).

The comprehensive administrative remedy scheme outlined in the Code, vests the power to resolve disputes arising out of the Innkeeper's Tax in the Department and the Treasurers. In fact, the Code contemplates a detailed administrative review and remedy process prior to the initiation of a lawsuit. This Court should not exercise its jurisdiction where the state administrative bodies are charged with and do provide Plaintiffs with a complete remedy for their alleged grievances prior to the initiation of judicial action.

**D. The Instant Action Violates Indiana Public Policy.**

Not only have Plaintiffs by-passed the required administrative channels, but they have done so in a way that violates public policy. Plaintiffs have delegated the authority to collect taxes to private, third-party, out-of-state contingent-fee lawyers who are not accountable to the public. Such delegation is in direct disregard of Indiana public policy because the Code provides that collected Innkeeper's Taxes must be used for a public purpose and because the counties have abdicated their duties to collect taxes under the Code.

First, the provisions of §§ 6-9-2-2 and 6-9-18-4 of the Code, establish that the Treasurer "shall" deposit money received into a promotion fund, and that the money in that fund be used only to promote and encourage conventions (§§ 6-9-2-2 and 6-9-18-4), trade shows (§ 6-9-2-2), special events (§ 6-9-2-2), recreation (§ 6-9-2-2), visitors (§§ 6-9-2-2 and 6-9-18-4), and tourism (§ 6-9-18-4) within the counties. Indeed, Indiana law provides that it is a Class D felony to use Innkeeper's Tax funds for an impermissible purpose or to transfer such funds to an entity not statutorily qualified to receive the funds. *See e.g.,* IND. CODE §§ 6-9-2-5 and 6-9-18-8. Not using the money for public purposes, and instead for the wholly private purpose of paying lawyers' contingent fees to private attorneys violates the Code and thus, public policy.

Second, Plaintiffs' decision to enlist private law firms to collect taxes violates Code provisions which mandate that the counties be charged with those responsibilities. Indiana

counties that impose an Innkeeper's Tax pursuant to the Code have a duty to assess and collect such taxes in the manner detailed above. The instant case is in stark contrast to the situation observed in *Tippecanoe Co. v. Ind. Mfrs. Ass'n*, 784 N.E.2d 463 (Ind. 2003). In *Tippecanoe,* the Indiana Supreme Court permitted the county's use of a private firm to share the responsibility of auditing personal property taxes. Although in *Tippecanoe* the Court condoned the county's practice, the Court's decision was based in part on the fact that taxpayers received their notices from the county assessor and could appeal their assessments through administrative tax agencies and ultimately to the Indiana Tax Court. Additionally, the county's partnership with the private firm did not diminish the power of local officials, and the statute expressly authorized the county's conduct. *Id.* at 466, 468 (citing IND. CODE ANN. § 6-1.1-36-12 (2000)), *see also Coonrod v. Marsh*, 830 N.E.2d 91, 95 (Ind. Ct. App. 2005) (holding that auditor was not authorized to collect taxes under § 6-1.1-36-12 and that County Adjusted Gross Income Tax (CAGIT) statutes did not contain provision similar to § 6-1.1-36-12). Here, Plaintiffs handed over their right and obligation to collect and pursue the Innkeeper's Tax to contingent fee lawyers.

Accordingly, Plaintiffs' tactics and wholesale transfer of authority to private firms are in direct disregard of statutory provisions providing otherwise.

**E. Plaintiffs' Common Law Claims Also Fail as a Matter of Law.**

**1. The Claims Are Not Authorized by the Indiana Code.**

Plaintiffs take an "everything but the kitchen sink" approach in cobbling together five additional common law claims of conversion, unjust enrichment, imposition of constructive trust, declaratory judgment and injunctive relief, and breaches of fiduciary and agency duties. (Compl. ¶¶ 51-70). Nevertheless, these common law claims amount to little more than reiterations of Count I (Violations of Indiana's Hotel Tax Provisions Pertaining to Rooms, Lodgings, and

Accommodations, Compl. ¶¶ 46-50), alleging that Defendants should have remitted the Innkeeper's Tax to Plaintiffs, but failed to do so. It is axiomatic that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Coons v. Kaiser*, 567 N.E.2d 851, 852 (Ind. Ct. App. 1991) (stating "[w]hen a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.") (citations omitted); *see also, e.g.*, *City of Richmond v. Ind. Mich. Elec. Co.*, 353 N.E.2d 467, 469 (Ind. Ct. App. 1976) (dismissing appeal of administrative ruling where petitioner failed to follow statute's exclusive remedy requiring appeals to full Public Service Commission before seeking judicial review); *In re Annexation Proposed by Annexation Ordinance No. X01-74*, 383 N.E.2d 481, 484 (Ind. Ct. App. 1978) (affirming dismissal of declaratory judgment action for lack of jurisdiction where plaintiffs failed to file claim within time prescribed by statute).

As detailed above, the Code clearly and exclusively sets forth the remedies for any alleged nonpayment of the Innkeeper's Tax. Specifically, Plaintiffs must undergo a five-step administrative process prior to bringing an action for tax collection in court. Had the Indiana General Assembly intended impose other remedies, it could have – but did not – include them among the remedies listed. Accordingly, Plaintiffs' common law claims should be dismissed with Plaintiffs' statutory claim.

**2. Plaintiffs Fail to State Requisite Elements of Counts II, IV and VI.**

**(a) Plaintiffs' Conversion Claim Fails.**

Plaintiffs' conversion claim (Count II) should be dismissed for another reason. Conversion requires pleading of "the appropriation of personal property by another for that party's own use and benefit in exclusion and defiance of the owner's rights." *Jim Barna Log Sys. Midwest, Inc. v. Gen. Cas. Ins. Co.*, 791 N.E.2d 816, 829 (Ind. Ct. App. 2003) (quoting *Shourek*

*v. Stirling*, 621 N.E.2d 1107, 1109 (Ind. 1993)). Indiana courts hold that money may be the subject of a conversion, so long as it is "a determinate sum with which the defendant was entrusted to apply to a certain purpose." *Huff v. Biomet*, 654 N.E.2d 830, 836 (Ind. Ct. App. 1995) (citation omitted). Plaintiffs' conversion count is bereft of any specific allegations relating to the funds which were allegedly converted. First, the "monies" Plaintiffs claim to be converted are not identified or specified in any way, other than as a general obligation to pay the Innkeeper's Tax. (Compl. ¶ 53.) Plaintiffs do not indicate of what the "determinate sum" in question is, as required by Indiana Law. Second, the Complaint fails to plead any facts as to the "certain purpose" for which the Defendants were entrusted with the allegedly converted monies. Plaintiffs' general conversion allegations are deficient and should be dismissed.

The *City of Philadelphia* court dismissed a similar conversion claim. (*See* Exhibit A). The *Philadelphia* court stated that the case was not a tort case, indicating: "[c]onversion is the deprivation of another's right of property in or use or possession of, chattel, or other interference therewith, without the owner's consent and without lawful justification. Here, there has been no determination the Tax is actually owed by the Defendants..." *City of Philadelphia,* 2006 Phila. Ct. Com. Pl. LEXIS 218, at *6 (citations omitted).

**(b) Plaintiffs' Constructive Trust Cause of Action Is Improper.**

Plaintiffs' constructive trust claim (Count IV) should also be dismissed because, under Indiana law, a constructive trust is not a separate cause of action. *See Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 280-281 (Ind. Ct. App. 2005) (A constructive trust "is more in the nature of an equitable remedy than an independent cause of action") (citation omitted); *Freeland v. IRS,* 264 B.R. 916, 924 (N.D. Ind. 2001) ("A constructive trust is not a cause of action; rather it is a remedy that may be invoked when one party has been unjust[ly] enriched at the expense of another.") (citation omitted).

**(c) Plaintiffs' Breach of Fiduciary Duty and Agency Claims Fail.**

Finally, Plaintiffs' purported claims for breach of both fiduciary and agency duties (Count VI) fail. Under Indiana law, for a fiduciary relationship to exist, "not only must there be confidence by one party in the other, but the party reposing the confidence must also be in the position of inequality, dependence, weakness or lack of knowledge." *Crowe, Chizek, and Co., L.L.P. v. Oil Tech., Inc.*, 771 N.E.2d 1203, 1210 (Ind. Ct. App. 2002) . When a party is not in a superior position to another, there is no superiority necessary to evidence a fiduciary relationship, and thus no breach of fiduciary duty. *Bruno v. Wells Fargo Bank, N.A.*, 850 N.E.2d 940, 946-47 (Ind. Ct. App. 2006) (affirming dismissal of breach of fiduciary claim when there was no fiduciary relationship because defendant was not in a position of superiority to plaintiff whereby it gained unconscionable advantage). Plaintiffs fail to plead a power disparity in their relationship with Defendants by virtue of trust and confidence that Plaintiffs vested in Defendants. Therefore, Plaintiffs fail to plead a fiduciary duty.

Plaintiffs' claim for breach of agency duty must likewise be dismissed because Plaintiffs do not plead an adequate common law agency relationship. To establish an actual agency relationship under Indiana law, three elements must be shown: (1) a manifestation of consent by the principal to the agent; (2) acceptance of the authority by the agent; and (3) control exerted by the principal over the agent." *Douglas v. Monroe*, 743 N.E.2d 1181, 1186 (Ind. Ct. App. 2001); *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 388 F.Supp.2d 919, 927-29 (S.D. Ind. 2005) (same). Indeed, the first time Plaintiffs contacted Defendants was when they filed suit. No prior agency relationship was formed by way of consent of both parties, nor is one adequately plead. Because Plaintiffs do not adequately plead either a fiduciary or agency relationship between Plaintiffs and Defendants, Count VI should be dismissed.

Accordingly, Counts II, IV, and VI must each be dismissed for the foregoing reasons, in addition to being improper claims for collection of the Innkeeper's Tax.

## II. PLAINTIFF, THE CONVENTION BUREAU, SHOULD BE DISMISSED PURSUANT TO 12(B)(1).

### A. Legal Standard For Rule 12(b)(1) Motion to Dismiss.

Rule 12(b)(1) requires dismissal when a federal court lacks jurisdiction over the subject matter of the claim. *Tudoriu v. Horseshoe Casino Hammond*, No. 2:05 CV 294, 2006 U.S. Dist. LEXIS 24043, at *3 (N.D. Ind. Mar. 21, 2006). In deciding a 12(b)(1) motion, the court must accept as true all well pled factual allegations in the Complaint. *State of Indiana v. City of East Chicago*, No. 3:04-CV-506, 2006 U.S. Dist. LEXIS 54866, at *17 (N.D. Ind. June 19, 2006) (citation omitted). However, the burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction and the court "must presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *City of East Chicago*, 2006 U.S. Dist. LEXIS 54866 at *17; *see also Bastien v. AT&T Wireless Servs.*, 205 F.3d 983, 990 (7th Cir. 2000) ("On a motion to dismiss under Rule 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt.") (citations omitted).

When "a plaintiff cannot establish standing to sue, relief from [the] court is not possible, and dismissal under [Federal Rule of Civil Procedure] 12(b)(1) is the appropriate disposition." *AFGE, Local 2119 v. Cohen*, 171 F.3d 460, 465 (1999) (citing *Venture Assoc. Corp. v. Zenith Data Sys.*, 987 F.2d 429, 432 (7th Cir. 1993). Here, the Convention Board has not, and cannot, establish that it has the power to impose or collect the Innkeeper's Tax. Accordingly, the Convention Bureau's claims must be dismissed for lack of standing.

**B. The Convention Bureau Lacks Standing to Bring this Action.**

In addition to the reasons stated above, the Convention Bureau should also be dismissed pursuant to Rule 12(b)(1) because it lacks standing to bring this action. In order to have standing, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Pence v. State*, 652 N.E.2d 486, 487 (Ind. 1995) ("Standing is similar to, though not identical with, the real party in interest requirement . . . The point of both requirements is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation."). In this case, the Convention Bureau seeks to enforce not its own rights, but the rights of the Lake County Treasurer to collect the Lake County Innkeeper's Tax from the taxpayer. Accordingly, the right to bring this lawsuit belongs to Lake County and not the Convention Bureau which should be dismissed. [5]

Section 6-9-2-3 of the Indiana Code provides for the creation of the Convention Bureau for the purpose of promoting the development and growth of the convention, tourism and visitor industry in Lake County. Under the allocation provisions, approximately 35% of the "revenue received by the county treasurer under this chapter [§ 6-9-2-1 *et seq.*]" is to be allocated to the Convention Bureau and expended to promote tourism within the county.[6] IND. CODE § 6-9-2-2(a), (b). Section 6-9-2-4 sets forth the powers of the Convention Bureau and provides that the Convention Bureau may accept contributions; sue and be sued; enter into contracts; make rules necessary for the conduct of its business; receive and approve requests for funding; require

---

[5] Additionally, the Convention Bureau's claim for declaratory judgment must also be dismissed because the Convention Bureau does not have standing, as discussed herein. *See Trans-Care, Inc. v. Bd. of Comm'rs*, 831 N.E.2d 1255, 1258 (Ind. Ct. App. 2005) ("A primary requirement of the Act is that a plaintiff demonstrate that it has standing for the relief requested.") (citation omitted); *Cmty. Action, Inc. v. Ind. Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 884 (Ind. Ct. App. 1999) (same).

[6] More precisely, the Bureau is entitled to 35% of the first $1,200,000 of Lake County Innkeeper's Tax revenue received in each year. IND. CODE § 6-9-2-2(b).

financial reports from corporations receiving funds under the allocation provisions; enter into leases; and exercise the power of eminent domain to acquire property. It is well established that a statutorily created governmental entity is limited to the rights and powers granted to it by statute. *See, e.g., State v. Rankin*, 260 Ind. 228, 230, 294 N.E.2d 604 (1973) ( "[T]he office of Attorney General was created by statute and is not a constitutional office . . . The Attorney General can therefore only derive authority via statute.") (internal citation omitted). Accordingly, the Convention Bureau's powers are limited to those enunciated in § 6-9-2-4, and its rights are limited to those contained in § 6-9-2-2, *et seq.*

The list of the Convention Bureau's powers in § 6-9-2-4 is devoid of the power to collect the Innkeeper's Tax from the taxpayer. Contrary to Plaintiffs' assertions that the Convention Bureau is authorized to impose and collect the Innkeeper's Tax (Compl. ¶¶ 52, 53), the power to impose the Innkeeper's Tax is vested exclusively in the county itself, and the power to collect the tax from the taxpayer is vested exclusively in the Treasurer and the Indiana Department of Revenue, as discussed above. Nowhere does the Code provide the Convention Bureau with the right to collect the Innkeeper's Tax from the taxpayer. Although the Bureau has the power to "sue and be sued," that provision in and of itself does not give the Convention Bureau the power to enforce the County Treasurer's right to collect the Lake County Innkeeper's Tax from a taxpayer. That right is limited by the Code to the Department and the Treasurers. Moreover, not only is the Convention Bureau the wrong party to bring this suit, it also has no legal right to claim the full amount of the Innkeeper's Tax. In fact, the Convention Bureau is granted only the right to receive 35% of a certain amount of Innkeeper's Tax revenue collected by the county treasurer. Clearly, a partial beneficiary of a tax cannot have standing to bring suit for the full amount – allowing, the Convention Bureau to proceed here essentially opens the door to any beneficiary of any tax, regardless of legal right, bringing suit in federal court. Accordingly, the

Convention Bureau has no standing to pursue a tax collection suit against Defendants and it should be dismissed from the instant action.

**CONCLUSION**

The exclusive statutory remedies provided by the Indiana Code vest Plaintiffs with limited and defined authority as to collection and enforcement of the taxes at issue. In this case, Plaintiffs have initiated an action to collect without exhausting any of the procedures under § 6-8.1-5-1 of the Code. Plaintiffs did not avail themselves of the prescribed remedies, but instead brought suit for collection of tax that was never assessed. Section 6-8.1-5-1 is clear in granting the taxpayer the right to an assessment and an opportunity to protest such assessment before an action to collect can be initiated. This action deprives Defendants of their right to notice of an assessment and the opportunity to protest the assessment to the administrative body charged with collecting the tax. Based on the foregoing and other pleading inadequacies, the entire Complaint is unauthorized under Indiana law and should be dismissed.

DATED: November 3, 2006.

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: /s/ David L. Hanselman
David L. Hanselman
(Indiana Bar No. 20905-45)
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Fax: (312) 984-7700
E-mail: dhanselman@mwe.com
***Attorney for Defendants Travelocity.com LP, Hotels.com, L.P., Expedia, Inc., Hotwire, Inc., priceline.com Incorporated, Travelport Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.) and Trip Network, Inc. (d/b/a Cheaptickets.com)***

Paul E. Chronis
(admitted *pro hac vice)*
Elizabeth B. Herrington
(admitted *pro hac vice)*
Purvi G. Patel
(admitted *pro hac vice)*
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
***Attorneys for Defendants Travelport Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.) and Trip Network, Inc. (d/b/a Cheaptickets.com)***

James P. Karen
Deborah S. Sloan
**JONES DAY**
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
***Attorneys for Defendants Hotels.com, L.P., Expedia, Inc. and Hotwire, Inc.***

Darrel J. Hieber
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
300 S. Grand Avenue
Los Angeles, California 90071
Telephone: (213) 687-5000

Karen L. Valihura
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
Telephone: (302) 651-3000
***Attorneys for Defendant priceline.com Incorporated***

David F. McDowell
**MORRISON & FOERSTER**
555 West Fifth Street
Suite 3500
Los Angeles, California 90013
Telephone: (213) 892-5383
***Attorney for Defendant Travelocity.com LP***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to the following counsel of record:

Eric L. Kirschner (ekirschner@bkslegal.com, bdoherty@bkslegal.com)
Julie R. Murzyn (jmurzyn@bkslegal.com, tmt@bkslegal.com)
Daniel C. Kuzman (kuzmanlawoffices@aol.com)

I hereby further certify that on this day, I caused a true and accurate copy of the foregoing to be served upon the below-listed counsel via U.S. Mail, with sufficient postage attached and addressed as follows:

Michael J. Brickman
Kimberly Keevers Palmer
RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC
174 East Bay Street
Charleston, South Carolina 29401

John W. Crongeyer, M.D.
Bryan A. Vroon
VROON & CRONGEYER, LLP
1718 Peachtree Street, Suite 1088
Atlanta, Georgia 30309

Gordon C. Rhea
RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC
1037 Chuck Dawley Building A
Mount Pleasant, South Carolina 29464

This 3rd day of November, 2006

/s/ David L. Hanselman
David L. Hanselman
***Attorney for Defendants Travelocity.com LP, Hotels.com, L.P., Expedia, Inc., Hotwire, Inc., priceline.com Incorporated, Travelport Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.) and Trip Network, Inc. (d/b/a Cheaptickets.com)***

**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

CHI99 4742437-1.059735.0047